UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sheronda L. Parker, | ) | C/A No. 5:19-cv-03337-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 35. Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On February 2, 2021, this court ordered the Commissioner's decision be reversed and remanded the case to the Commissioner for further administrative proceedings. ECF No. 23. In a May 12, 2021 Order, the court approved an application for Attorney's Fees under the Equal Access to Justice Act (EAJA") in the amount of $8,300.00, which was stipulated to by the parties. ECF No. 30. That sum was to be disbursed to Plaintiff according to the terms of her Attorney-Client Contract with her counsel. *See* ECF No. 26-1.

On September 21, 2021, the Commissioner filed a Status Report, indicating that an administrative hearing was held on July 21, 2021 followed by a fully favorable decision on August 27, 2021. ECF No. 31. Plaintiff's attorney noted that on remand, the ALJ issued a fully favorable

---

[1]Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the named defendant in this action.

decision dated October 27, 2021, finding Plaintiff disabled as of February 7, 2011. ECF No. 35-1 at 2. The Notice of Awards, dated November 22, 2021, April 16, 2022 and May 7, 2022, awarded Plaintiff and her dependents past-due benefits of approximately $296,112.00 beginning with disability benefits starting in October 2012. ECF Nos. 35-7; 35-8; 35-9. An amount equal to 25% of that figure was required by the Social Security Act to be withheld from the past-due benefits for payment of the approved attorney's fee, and the Commission withheld $74,028.00 from Plaintiff's past-due benefits for attorney's fees. ECF Nos. 35-7; 35-8; 35-9.

On July 6, 2022, Plaintiff filed a Motion for Extension of Time to file a Motion for Approval of Attorney's Fees under 42 U.S.C. § 406(b). ECF No. 32. The court granted the extension that same day. ECF No. 33. Plaintiff's counsel then filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) on July 13, 2022. In the Petition, counsel states that the amount of the attorney's fees is for 83.9 hours of attorney legal services expended in the District Court in this action, as well as the previously action for judicial review. ECF No. 35-1 at 2. Plaintiff's counsel attached the time sheets of Robertson Wendt, Sarah Bohr and Curtis Fisher, along with their respective Declarations. ECF Nos. 35-2; 35-3: 35-4. Plaintiff's Counsel also attached Plaintiff's Fee Agreement. ECF No. 35-5. Plaintiff's counsel excluded the hours related to the EAJA fee petition and preparation from their requested fees. ECF No. 35-1 at 2.[2] The Commissioner filed a response indicating the Commissioner neither supports nor opposes the request. ECF No. 38.

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the relevant statute allows the court to "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the

---

[2] Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") on April 23, 2021. After a Stipulation was filed by the parties, ECF No. 27, this court entered an order granting the fees on May 12, 2021 in the amount of $8,300.00 and $400.00 for costs. ECF No. 30.

past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness when the agreed-upon fee does not exceed the statutory ceiling of 25 percent.

Having reviewed the record and the time expended in the judicial proceedings, the undersigned concludes that the amount sought is a reasonable and just fee to be paid to Plaintiff's counsel for his services before the court. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). It appears from the information provided by counsel that 83.9 hours of attorney time equates to $74,028.00 in fees. This amount does not include the hours expended in the prior action for judicial review for which counsel was awarded EAJA fees in the amount of $8,000.00. *See* ECF No. 35-1. Further, it does not appear that the Commissioner opposes the amount sought. Therefore, the court hereby

**ORDERS** that the Motion for Attorney's Fees, ECF No. 35, be granted, and the Commissioner shall pay from the Plaintiff's withheld benefits the amount of $74,028.00 to Plaintiff's attorney for his services in this case and certify the amount of the attorney's fees for payment to counsel out of the 25% of past-due benefits to which Plaintiff is entitled. It is further ordered that Plaintiff's counsel should refund to Plaintiff the EAJA fees of $8,300.00 in the current action and $8,000.00 in the previous action for judicial review, totaling $16,300.00 upon receipt by Plaintiff's counsel of the 406(b) attorney's fee award in this action. *See Gisbrecht*, 535 U.S. at 796 (noting amount of successful claimant's past-due-benefit award will be increased by the EAJA award up to point of receiving 100 percent of past-due benefits).

IT IS SO ORDERED.

August 16, 2022  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge